IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-194-FL-1
NO. 5:24-CV-575-FL

| | | |
|---|---|---|
| SANDRO CUEVAS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 220) and respondent's motion to dismiss (DE 232). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") (DE 253), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court overrules petitioner's objections, adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident

Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. The magistrate judge correctly determined that petitioner fails to state a claim of ineffective assistance of counsel (claims I, II, III, VI, and VIII) in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678-88 (1984). While petitioner argues in his objections that counsel should have challenged the sufficiency of Count One (Conspiracy) and duplicity of Count Three (Drug Distribution), these arguments are without merit in light of the government's factual proffer at arraignment (see Tr. (DE 176) at 22-26), and given "defendant's solemn declarations in open court affirming [his] plea." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Petitioner has not demonstrated through his arguments that counsel's performance fell below an objective standard of reasonableness. Therefore the court overrules defendant's objections and adopts the M&R.[1]

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

---

[1] Absent specific objections as to Claims IV, V, and VII, the court also adopts the determination of the M&R in that part on clear error review.

## CONCLUSION

Based on the foregoing, the court overrules petitioner's objections and ADOPTS the M&R (DE 253).  Petitioner's motion to vacate, set aside, or correct sentence (DE 220) is DENIED, and respondent's motion to dismiss (DE 232) is GRANTED.  This action is DISMISSED for failure to state a claim upon which relief can be granted.  A certificate of appealability is DENIED.  The clerk is DIRECTED is close this case.

SO ORDERED, this the 20th day of February, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge